**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WILMER SANCHEZ MEJIAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2152-PRW** |
| | ) | |
| **FRED FIGUEROA, et al.,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner Wilmer Sanchez Mejias, a non-citizen proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[2] (Doc. 1). United States District Judge Patrick R. Wyrick referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 3). The undersigned has examined Petitioner's petition for writ of habeas corpus and now orders as follows:

---

[1] Petitioner named Fred Figueroa, Warden of Diamondback Correctional Facility, as the sole respondent. (Doc. 1, at 1). Todd Blanche, United States Attorney General, and Markwayne Mullin, Secretary of the United States Department of Homeland Security, are also proper respondents. *See Rafati v. Barr*, Case No. 20-CIV-411, 2020 WL 12968837, at *1 (E.D. Okla. Dec. 22, 2020). "If a petitioner names the wrong respondent, this Court may simply substitute the correct party." *Dopp v. McCoin*, No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019), *adopted*, 2019 WL 1952693 (W.D. Okla. May 2, 2019). The undersigned does so here by adding Todd Blanche and Markwayne Mullin as respondents.

[2] Petitioner is housed at the Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 1).

1. **Not later than 14 days,** Respondents shall file an answer, motion, or other response consistent with Rule 5 of the Rules Governing Section 2254 Cases.[3]

2. If Respondents file an answer or other response, Petitioner may file a reply within **14 days** from the filing date. *See* Rule 5(e). If Respondents file a motion, Petitioner shall file a response within 10 days after the date the motion was filed. Any motion that is not opposed within 10 days may, in the discretion of the court, be deemed confessed. *See* LCvR 7(g).

3. The Petition alleges that Petitioner is being held within the territorial jurisdiction of the Western District of Oklahoma. So that counsel may have knowledge of Petitioner's whereabouts and maintain the ability to communicate with him:

   a. Respondents shall file written notice at least seventy-two hours before removing, transferring, relocating, or otherwise moving Petitioner, regardless of whether the new location is within the territorial jurisdiction of the Western District of Oklahoma. This obligation shall continue if Petitioner is transferred out of this Court's territorial jurisdiction.

   b. If Respondents contest that Petitioner is presently being held within the territorial jurisdiction of the Western District of Oklahoma, they shall file a written notice stating the name and location of the facility in which Petitioner is confined. Such notice shall be provided promptly after Respondents become aware of Petitioner's location.

4. The Clerk of Court is directed to send copies of the Petition (Doc. 1) and this Order to the United States Attorney for the Western District of Oklahoma on Respondents' behalf at the following address: 210 W. Park Ave., Suite 400, Oklahoma City, Oklahoma 73102.

IT IS SO ORDERED this 19th day of August, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court may apply the Rules Governing 28 U.S.C. § 2254 Cases to habeas petitions arising under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases.